## Case No. 16,602.

### UNITED STATES v. UNITED STATES EXP. CO.

[5 Biss. 91.] [1]

Circuit Court, N. D. Illinois.　June, 1869.

VIOLATION OF POSTAL LAWS — EXPRESS COMPANY CARRYING UNSTAMPED LETTER OF ADVICE.

1. It is not a violation of the post office laws for an express company to carry with a money letter or package, an unstamped letter of advice concerning said money.

2. It was the intention of congress, in the act of March 3, 1845 [5 Stat. 732], to permit an unstamped letter of advice relating merely to the article shipped to be transmitted with such article.

Before DAVIS, Circuit Justice, and DRUMMOND, District Judge.

DRUMMOND, District Judge. This case is submitted to the court on an agreed statement of facts to the following effect: That the defendant is an express company, and common carrier of money between Chicago and Springfield, Illinois, over the Chicago, Alton & St. Louis Railway, a United States mail route; that the packages of the express company are transported in a car under their exclusive control; that the express company does not carry letters unless in a government stamped envelope, except as money packages received for transportation, and letters enclosed therewith relating thereto. On the first day of May, 1868, the express company, in the usual course of its business, received, at Chicago, a package in a letter envelope unstamped, containing a sum of money and a letter relating thereto, addressed to the consignee in Springfield, Illinois, receiving the usual rate of pay for transmitting such a sum of money. The company carried the package to its destination, over and upon the route aforesaid, in a car such as has been described, and delivered the same to the consignee. It is claimed, under this statement of facts, that the defendant violated the laws of the United States concerning the conveyance of letters from place to place between which the mail is regularly transported under the authority of the postoffice department. The question is whether the act set forth in the agreed statement of facts comes within any of the laws upon that subject.

We understand that it is claimed to be a violation of the 9th section of the act of March 3, 1845 (5 Stat. 732, 735), which declares that it shall be unlawful for any person or persons to establish any private express for the conveyance of letters or packets, or in any manner cause or provide for the conveyance of the same by regular trips, of any letters or packages or other matter properly transmittible in the United States mail, except newspapers, pamphlets, magazines, and periodicals. If this section stood alone

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

there might be some question whether the words "in any manner to cause to be conveyed * * * any letters or other matter properly transmittible in the United States mail," did not cover the case as stated; but the 10th section of the same law declares "that it shall not be lawful for any stage coach, railroad car, steamboat, packet, boat, or other vehicle or vessel, nor any of the owners, managers, servants, or crews of either, which regularly perform trips at stated periods on a post route, or between two or more cities, towns, or other places, from one to the other. over which the United States mail is regularly conveyed * * * to transport or convey, otherwise than in the mail, any letter or letters * * * except such as may have relation to some part of the cargo of such steamboat, packet, boat, * * * or to some article at the same time conveyed by the same stage-coach, railroad car, or other vehicle."

The question is whether this case is not fairly within the exceptions contained in the 10th section. We think it is. The letter which was transmitted by the express company was in an envelope containing money, and related to the money, and we think that it was the intention of congress in framing this 10th section to allow a letter to be sent accompanying any article of property, provided it related merely to the article of property or money sent, and did not concern any other subject. In other words, it was the intention of congress to permit a party who transmitted any article of property or money, by an express company or otherwise, to send at the same time and by the same mode of conveyance, although it might be between cities where there was a post route, and where the United States mail was carried, a letter of advice, merely relating to the money or property thus sent. The main object of the 9th section seems to have been to prevent the establishment of express or other companies to come in competition with the transmission of the mail under the authority of the government, although it was clearly intended also to prevent the transmission or conveyance of letters by such conveyances except in connection with any article of property sent.

These provisions of the post-office law being in derogation of common right, must be construed strictly, and in the absence of clear and explicit language forbidding the carriage of a letter, under the circumstances indicated, we must hold that the right to do so is not interfered with.

The 8th section of the act of August 31, 1852 (10 Stat. 141), has been referred to. The object of that section was to authorize the postmaster-general to provide suitable letter envelopes, with proper water-marks and other guards against counterfeits, which were to be sold to any person at their cost, and which when used by enclosing a letter in such government envelope thus stamped, might be transmitted by express companies or by any

one between places where there was a post route, and where the United States mail was carried, provided the envelope was duly sealed or closed in such a way that the letter could not be taken from the envelope without tearing or destroying it. This law simply declared that when letters were within these government envelopes they might be carried in any quantity by express companies, so that when they reached their destination and were received by the person to whom they were addressed, they were defaced in such a way that they could not be again used. The government thus reaped all the advantage of their regular transmission through the mail, and the defacement of the stamps by the post-office officials. Without this provision it is apparent, that, the express companies would not have this authority, and the agreed case declares that the defendants have never carried letters in any other way than is thus provided, or as accompanying and relating to some article of property or money sent.

The instructions given by the post-office department of 1866, are entirely consistent with the view which we have expressed of the law.